## (January 28, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RODNEY R. HAYMES, Appellant.— Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: The defendant as a result of a plea to escape in the third degree was sentenced in the Erie County Court on September 9, 1971 to a term of one year of imprisonment to be served concurrently with an 18-year term which he was then serving. While incarcerated at the Erie County Holding Center, the defendant escaped on July 19, 1970 and was recaptured on July 22, 1970. Nothing was done by the People relative to the escape until January, 1971 when testimony was submitted to the Grand Jury resulting in an indictment on February 10, 1971. The defendant was incarcerated in the Erie County Holding Center readily available to the authorities. Under these circumstances we believe that the delay was unreasonable and violated the defendant's right to a speedy trial. The Court of Appeals held in *People* v. *White* (32 N Y 2d 393, 397) that, " A defendant's right to a speedy trial, guaranteed both by Constitution (U. S. Const., 6th and 14th Amdts; see *Dickey* v. *Florida*, 398 U. S. 30, 37-38; *Smith* v. *Hooey*, 393 U. S. 374, 383; *Klopfer* v. *North Carolina*, 386 U. S. 213, 226) and by statute (CPL 30.20; Civil Rights Law, § 12), is violated if there is an excessive delay between institution of the prosecution * * * and the trial." Since the respondent made no showing of a reasonable ground for the delay, the indictment must be dismissed. In *People* v. *Winfrey* (20 N Y 2d 138, 144) the court stated: " To be sure, the People have the untrammeled power to institute a prosecution any time within the limitations period

\* \* \* but once having instituted the prosecution by detainer warrant, indictment or other initiatory process, they have the obligation of advancing it unless there is a reasonable ground for delay." The purported excuse of calendar congestion offered by the People must fail under the facts in this case. In *People* v. *Miller* (34 N Y 2d 336, 338) the court stated: "Court congestion, and court rules of precedence, while cognizant factors, are limited in force by the nature of the speedy trial guarantee; and, here, no attempt was made by the District Attorney to show that it was impossible to bring Miller to trial while he was incarcerated in Buffalo." Nor does the fact that the defendant was in jail (Erie County) provide the prosecution with either an explanation or an excuse when defendant's motion for a speedy trial is under consideration (see *People* v. *Wallace*, 26 N Y 2d 371). The People's contention that the defendant has waived his right to a speedy trial merely because of his guilty plea following the court's denial of dismissal of the indictment for failure to accord him such right must fail in light of the holding in *People* v. *Blakley* (34 N Y 2d 311, 314) that, "The improper denial of a motion to dismiss the indictment on the grounds that the defendant has not been afforded a speedy trial survives a plea of guilty and may be raised on appeal (*People* v. *Wallace*, 26 N Y 2d 371; *People* v. *Henderson*, 20 N Y 2d 303, 305; *People* v. *Chirieleison*, 3 N Y 2d 170)." The *Blakley* court (p. 317), also stated: "While calendar congestion is entitled to some weight as a reason for delay, both constitutionally and under the statute (see *Barker* v. *Wingo*, 407 U. S. 514, 531, *supra*; *People* v. *Ganci*, 27 N Y 2d 418, cert. den. 402 U. S. 924), this reason must be scrutinized carefully since it is perhaps too convenient." (Appeal from judgment of Erie County Court convicting defendant of escape, third degree.) Present — Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.